HOGAN & HARTSON LLP
RAYMOND A. KURZ
CELINE JIMENEZ CROWSON
JONATHAN M. SOBEL
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Telephone:   (202) 637-5600
Facsimile:    (202) 637-5910
RAKurz@HHLAW.com
CJCrowson@HHLAW.com
JMSobel@hhlaw.com

MORGENSTEIN & JUBELIRER LLP
ROCKY N. UNRUH (CSB #84049)
SHAWN D. PARRISH (CSB #155697)
One Market, Spear Street Tower, 32nd Floor
San Francisco, CA 94105
Telephone:   (415) 901-8700
Facsimile:    (415) 901-8701
Unruh@mjllp.com
SParrish@mjllp.com

Attorneys for Plaintiff
DOMINANT SEMICONDUCTORS Sdn. Bhd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINANT SEMICONDUCTORS Sdn. Bhd., <br><br> Plaintiff, <br><br> v. <br><br> OSRAM GmbH, OSRAM OPTO SEMICONDUCTORS GmbH, OSRAM OPTO SEMICONDUCTORS, INC. and OSRAM SYLVANIA, INC., <br><br> Defendants. | Case No.: **C 04 3319** <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR LANHAM ACT VIOLATIONS, TRADE LIBEL, INTERFERENCE WITH CONTRACTUAL RELATIONS AND UNFAIR COMPETITION** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff DOMINANT SEMICONDUCTORS Sdn. Bhd. ("Dominant"), by its undersigned attorneys, alleges for its Complaint the following:

- 1 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR LANHAM ACT VIOLATIONS, TRADE LIBEL, INTERFERENCE WITH CONTRACTUAL RELATIONS AND UNFAIR COMPETITION; DEMAND FOR JURY TRIAL

## SUMMARY OF THE CLAIMS

1. This action arises from the defendants' false and misleading statements about Dominant's products, which were made in bad faith and intended to harm -- and ultimately, to destroy -- Dominant's business. Those statements are the culmination of years of malicious, bad-faith conduct by the defendants, involving, *inter alia*, numerous veiled threats to put Dominant out of business. Defendants targeted and disseminated their false and misleading statements directly to Dominant's customers, and to end-users of Dominant's products. They also published their false and misleading statements to all others worldwide.

2. Dominant and the defendants herein are competitors in the manufacture and sale of light-emitting diodes ("LEDs"), which are used in such applications as cell phone displays, automotive instrument panel displays, display backlighting, traffic lights and electronic signs and signals.

3. As a direct result of Defendants' false and misleading statements, Dominant has lost millions of dollars in sales revenue, and will continue to lose millions of dollars in sales revenue. Dominant also has suffered, and will continue to suffer, harm to its reputation and loss of goodwill.

4. Dominant seeks, *inter alia*, compensatory damages, the defendants' profits from their improper conduct, and treble/punitive damages. Dominant further seeks equitable relief to enjoin the defendants' improper conduct.

## JURISDICTION

5. The First Claim for Relief arises under the Lanham Act of 1946, as amended, 15 U.S.C. §§ 1051 *et seq*. This Court has jurisdiction over these claims under 15 U.S.C. § 1121 and 28 U.S.C. § 1331.

6. The Second through Sixth Claims for Relief arise under California statutory or common law. This Court has jurisdiction over these claims under 28 U.S.C. § 1338(b) in that these claims are joined with substantial and related claims brought under the trademark laws of the United States, 15 U.S.C. §§ 1051 *et seq*.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR LANHAM ACT VIOLATIONS, TRADE LIBEL, INTERFERENCE WITH CONTRACTUAL RELATIONS AND UNFAIR COMPETITION; DEMAND FOR JURY TRIAL

1  This Court also has jurisdiction over the state law claims under the doctrine of
2  supplemental jurisdiction, 28 U.S.C. § 1367, because the state claims form part of
3  the same case or controversy as the federal claims, in that they are based on the
4  same operative facts, and judicial economy, convenience, and fairness to the parties
5  will result if this Court assumes and exercises jurisdiction over the state law claims.

6      7.    This Court has personal jurisdiction over each of the defendants
7  because each defendant conducts business and/or has committed wrongful acts
8  within the State of California.

## VENUE

10      8.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c)
11  because a substantial part of the acts giving rise to the claims occurred and are
12  occurring in this district and in the County of Santa Clara, and have caused damage
13  to Dominant in this district, and because one or more of the defendants resides in
14  this district under 28 U.S.C. § 1391(c).

## THE PARTIES

16      9.    Dominant is a company organized and existing under the laws of
17  Malaysia, with its principal place of business at Lot 6, Batu Berendam, FTZ Phase
18  III, 75350 Melaka, Malaysia. Dominant manufactures LEDs in Malaysia. These
19  LEDs include white DomiLEDs, DomiLED Black Coated, DomiLED Reverse
20  Gullwing, Power DomiLEDs (including white Power DomiLEDs), bi-color Multi
21  DomiLEDs, tri-color Multi DomiLEDs, white Super Small DomiLEDs, white Spice
22  LEDs, and white NovaLEDs (collectively, the "Dominant LED Products").

23      10.    Dominant is informed and believes, and on that basis alleges, that
24  Defendant Osram GmbH is a company organized under the laws of Germany, with
25  its principal place of business located at Hellabrunner Stasse 1, 81543 Munich,
26  Germany. Osram GmbH purports to be the owner of the following United States
27  patents relating to LED technology: 6,066,861; 6,245,259; 6,277,301; 6,376,902;
28  6,469,321; 6,573,580; 6,576,930; 6,592,780; 6,613,247; and 6,716,673 (the "Osram

- 3 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR LANHAM ACT VIOLATIONS, TRADE LIBEL, INTERFERENCE WITH CONTRACTUAL RELATIONS AND UNFAIR COMPETITION; DEMAND FOR JURY TRIAL

Patents"). Osram GmbH does business on a worldwide basis, including in the United States.

11. Dominant is informed and believes, and on that basis alleges, that Defendant Osram Opto Semiconductors GmbH ("Osram Opto") is a corporation organized under the laws of Germany, with its principal place of business located at Wernerwerkstrasse 2, 93049 Regensburg, Germany, and is a wholly-owned subsidiary of Osram GmbH. Osram Opto purports to be the exclusive licensee of the Osram Patents.

12. In May 2004, Osram GmbH and Osram Opto filed a Complaint against Dominant with the United States International Trade Commission (the "ITC Action"), requesting that the ITC commence an investigation pursuant to Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337(a)(1)(B), to remedy alleged unlawful importation into the United States, the sale for importation, and/or the sale within the United States after importation of articles allegedly covered by claims of one or more of the Osram Patents.

13. Dominant is informed and believes, and on that basis alleges, that Defendant Osram Opto Semiconductors, Inc. ("Osram Opto Inc.") is a Delaware corporation with its principal place of business at 3870 North First Street, San Jose, California 95134, and is a wholly-owned subsidiary of Osram GmbH. Osram Opto Inc. purports to exploit the technology of the Osram Patents through sales of LED products.

14. Dominant is informed and believes, and on that basis alleges, that Defendant Osram Sylvania, Inc. ("Osram Sylvania") is a Delaware corporation with its principal place of business at 100 Endicott Street, Danvers, Massachusetts 01923, and is a wholly-owned subsidiary of Osram GmbH. Osram Sylvania purports to exploit the technology of the Osram Patents through sales of LED products.

02100.00002
538059.1

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR LANHAM ACT VIOLATIONS, TRADE LIBEL, INTERFERENCE WITH CONTRACTUAL RELATIONS AND UNFAIR COMPETITION; DEMAND FOR JURY TRIAL

15. Osram GmbH, Osram Opto, Osram Opto Inc. and Osram Sylvania are referred to collectively herein as "Osram."

## Osram's History of Bad Faith Conduct
## Aimed at Destroying Dominant's Competing Business

16. As early as mid-2001, Osram began threatening to substantially harm Dominant's business, with strong-arm tactics that included threats to frighten Dominant's employees into leaving Dominant, threats to bury Dominant with legal expenses, and threats to approach the shareholders of Dominant, to buy Dominant and shut down certain of its operations and terminate Dominant's key employees. In or around mid-July 2001, Osram advised Dominant that it would do anything to delay and stop Dominant from producing a product known as the TopLED.

17. Also in or around mid-2001, through an affiliate known as Infineon, Osram attempted to harm Dominant's business with thinly-veiled threats to Dominant's suppliers that they would be violating legal agreements with Osram if they chose to do business with Dominant.

18. Osram's conduct evidences its persistent, bad-faith efforts to harm, and ultimately to destroy, Dominant's business.

## Osram's Recent False and Misleading Statements

19. Osram's materially false statements include, but are not limited to, statements that all of Dominants LED products infringe one or more of Osram's patents. Osram acted in bad faith in making such misrepresentations and in overstating the extent of its alleged patent rights.

20. Certain of Osram's materially false statements appeared in a September 17, 2003 letter from Osram's German patent counsel (the "Opinion Letter") accusing all Dominant products of infringing Osram patents. The conclusion stated in the Opinion Letter was that *all* Dominant LED products (except colored Spice LEDs) infringe at least one Osram patent, and that Osram could enjoin production of these allegedly infringing products.

- 5 -
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR LANHAM ACT VIOLATIONS, TRADE LIBEL, INTERFERENCE WITH CONTRACTUAL RELATIONS AND UNFAIR COMPETITION; DEMAND FOR JURY TRIAL

21. Osram circulated the Opinion Letter worldwide in a calculated effort to target and harm Dominant's business. In at least some instances, Osram sent the Opinion Letter as an attachment to e-mail correspondence broadly addressed to Osram's "Colleagues, Sales and Distribution Partners." (A copy of Osram's email cover letter, with the Opinion Letter, is attached as Exhibit A hereto.) The Opinion Letter and Osram's cover letter accompanying its distribution are referred to collectively herein as Osram's "Opinion Letter Statements."

22. The entities to which Osram distributed the Opinion Letter include, but are not necessarily limited to, Dominant's distributors for its LED products, and end-users of Dominant's products.

23. Osram's Opinion Letter Statements were false and misleading. The Opinion Letter Statements accuse *all* Dominant products of infringing one or more of the Osram Patents. In the initial ITC Complaint (Paragraph 3.3), however, Osram only accuses the following Dominant products of infringement: (i) White DomiLEDs, (ii) Power DomiLEDs (including White Power DomiLEDs), (iii) Bi-color Multi DomiLEDs, (iv) White Super Small DomiLEDs, (v) White Spice LEDs, and (vi) White NovaLEDs.

24. Osram filed an Amended Complaint with the ITC that further reduced the scope of accused products. The Amended Complaint (Paragraph 3.3) only accuses: (i) White DomiLEDs, (ii) Power DomiLEDs (including White Power DomiLEDs), (iii) Super Small DomiLEDs (including White Super Small DomiLEDs), and (iv) White NovaLEDs. The Amended Complaint does not accuse Dominant's Bi-color Multi DomiLEDs, SP NovaLEDs or White Spice LEDs.

25. The Amended Complaint's abandonment of infringement claims against Osram further underscores Osram's bad faith dissemination of false and misleading accusations in the Opinion Letter Statements, which Osram disseminated world-wide under the guise of an opinion of counsel.

02100.00002
538059.1

- 6 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR LANHAM ACT VIOLATIONS, TRADE LIBEL, INTERFERENCE WITH CONTRACTUAL RELATIONS AND UNFAIR COMPETITION; DEMAND FOR JURY TRIAL

26. The Opinion Letter also implied that Dominant is infringing Osram's chip patents, which is a materially false and misleading statement, given, *inter alia*, the fact that Dominant does not manufacture chips.

27. Osram did not issue a Press Release to announce the abandonment of its claims against the three product lines that were dropped in the Amended Complaint. Instead, Osram disseminated false and misleading press releases. Adding to its false and misleading statements in the Opinion Letter Statements, on June 8, 2004, Osram's San Jose office issued a press release announcing the ITC Complaint (the "First Press Release"). The First Press Release stated that Osram was accusing a "wide range of Dominant's LEDs," but did not specify the products or product lines being accused, and did not disclose that the vast majority of Dominant's products were *not* being accused. (A copy of the First Press Release is attached as Exhibit B hereto.)

28. Further, on July 19, 2004, Osram's office in Germany issued a Press Release (the Second Press Release") announcing a settlement with one of the named respondents in the ITC Action, American Opto Plus, Inc. ("AOP"). The Second Press Release implied that AOP was a distributor for Dominant, and that AOP admitted that it had imported products that infringed Osram patents, which has not been established. Both of those statements were false and misleading. (A copy of the Second Press Release is attached as Exhibit C hereto.)

**Osram's False and Misleading Statements Have Caused Substantial Harm**

29. Osram's circulation of the Opinion Letter resulted in a wealth of written and oral inquiries to Dominant, expressing concern about Osram's false and misleading accusations.

30. Written concerns in response to Osram's false and misleading statements have been documented from at least the following distributors/customers of Dominant's products, and lost sales from to these entities: Australian Arrow Pty.

Ltd.; Welt Electronics S.p.A; Fairchild Semiconductors Corporation; and Schefenacker Vision Systems Germany GmbH & Co. KG.

31. Written concerns in response to Osram's false and misleading statements also have been documented from at least the following end-users of Dominant's products, resulting in lost sales to these entities: TechnoVision SpA; Solari Di Udine SpA; Magneti Marelli Holding SpA; VLM SpA; Elcor Trasfitalia SRL; and Screen Light SRL.

32. Dominant has lost, and will continue to lose, business opportunities as a direct result of the false and misleading statements published in the Opinion Letter and in subsequent false statements by Osram.

33. The dissemination and proliferation of Osram's false and misleading statements in the Opinion Letter were authorized at the highest levels of Osram, including Michael Wohs, Osram's Director of Distribution for Europe and Emerging Markets. (*See* Exhibit A hereto.)

### First Cause of Action
### *Lanham Act Violations*
### *15 U.S.C. § 1125(a)*

34. Dominant incorporates paragraphs 1-33 of this Complaint as if fully set forth herein.

35. Osram has engaged in unfair competition under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)). Osram has made material false statements concerning Dominant's products, as set forth herein, in an effort to harm, and ultimately destroy, Dominant's LED business.

36. Osram's materially false statements deceived a substantial portion of their intended audience. That deception was material in that it has influenced, and is likely to continue to influence, purchasing decisions of the intended audience of the statements.

37. Osram's goods travel in interstate commerce.

38. Osram's false and misleading statements were made in bad faith, and were part of a pattern of malicious conduct aimed at harming Dominant.

39. Osram's false and misleading statements have cause harm to Dominant's business, in the form of, *inter alia*, lost sales, loss of goodwill and harm to Dominant's reputation.

## Second Cause of Action
### *Intentional Interference With Contractual Relations*

40. Dominant incorporates paragraphs 1-34 of this Complaint, as if fully set forth herein.

41. Dominant had existing and valid contractual relations with various third parties, including suppliers, distributors and end user customers, and Osram had knowledge of those existing contractual relations.

42. Osram's Acts as further described herein were intended to and did induce an actual breach and/or disruption of certain of Dominant's contractual relations.

43. As a proximate result of Osram's conduct causing a disruption of Dominant's contractual relations, Dominant has suffered damages in the form of, *inter alia*, lost sales, loss of goodwill and harm to Dominant's reputation.

44. Osram's intentional and wrongful conduct as described herein was fraudulent, malicious and/or oppressive, and Dominant is therefore entitled to punitive damages under California Civil Code Section 3294.

## Third Cause of Action
### *Interference With Prospective Economic Advantage*

45. Dominant incorporates paragraphs 1-44 of this Complaint, as if fully set forth herein.

46. Dominant had numerous economic relationships with third parties, which carried the probability of future economic benefit to Dominant. Osram knew of the existence of those economic relationships.

47. Osram's wrongful and intentional acts described further herein were designed to and did cause actual disruption to Dominant's economic relationships with third parties.

48. As a proximate result of Osram's conduct causing actual disruption to Dominant's economic relationships with third parties, Dominant has suffered damages in the form of, *inter alia*, lost sales, loss of goodwill and harm to Dominant's reputation.

49. Osram's intentional and wrongful conduct as described herein was fraudulent, malicious and/or oppressive, and Dominant is therefore entitled to punitive damages under California Civil Code Section 3294.

### Fourth Cause of Action
*Trade Libel*

50. Dominant incorporates paragraphs 1-49 of this Complaint, as if fully set forth herein.

51. Osram's false statements described herein disparaged Dominant's goods and Dominant's business reputation.

52. Osram knew that its statements about Dominant and its products were false and/or acted in reckless disregard of their truth or falsity;

53. As a proximate result of Osram's publication of false and disparaging statements about Dominant and its products, Dominant has suffered damages in the form of, *inter alia*, lost sales, loss of goodwill and harm to Dominant's reputation.

### Fifth Cause of Action
*Unfair Competition -*
*Violation Of California's Unfair Competition Act*

54. Dominant repeats and re-alleges paragraphs 1-53 of this Complaint, as if fully set forth herein.

///

55. Osram's conduct set forth herein constitutes unlawful, unfair and/or fraudulent business acts or practices, in violation of Section 17200 *et seq.* of California's Business and Professions Code.

56. By committing the acts alleged above, Osram is subject to disgorgement of profits, and all other appropriate remedies authorized under California Business and Professions Code Section 17203 *et seq.*

### Sixth Cause of Action
*Unfair Competition Under California Common Law*

57. Dominant repeats and re-alleges paragraphs 1-56 of this Complaint, as if fully set forth herein.

58. Osram's wrongful conduct as described herein constitutes unfair competition in violation of California common law.

59. As a proximate result of Osram's wrongful conduct, Dominant has suffered damages in the form of, *inter alia*, lost sales, loss of goodwill and harm to Dominant's reputation.

60. Osram's wrongful conduct as described herein was fraudulent, malicious and/or oppressive, and Dominant is therefore entitled to punitive damages under California common law.

### PRAYER FOR RELIEF AGAINST OSRAM

WHEREFORE, Dominant respectfully prays for judgment and relief against Osram:

A. As to the first claim, declaring that Osram has engaged in unlawful acts in violation of the Lanham Act;

B. As to the first claim, awarding Dominant damages in the amount of Osram's profits, plus damages sustained by Dominant, plus the costs of this action, in connection with Osram's unlawful conduct in violation of the Lanham Act, pursuant to Section 35 of the Lanham Act, 15 U.S.C. 1117(a);

C. As to the first claim, awarding Dominant treble damages pursuant to § 35 of the Lanham Act, 15 U.S.C. 1117(a);

D. As to the second, third, fourth and sixth claims, awarding Dominant its actual damages according to proof, and punitive damages in an amount sufficient to punish and deter such conduct by Osram in the future;

E. As to the fifth claim, declaring that Osram's acts constitute unfair competition, subjecting Osram to disgorgement of profits and other appropriate remedies authorized under California Business and Professions Code Section 17203 *et seq.*

F. As to all claims, enjoining Osram, its subsidiaries, officers, agents, servant, employees, licensees, and all other persons acting, or attempting to act, in active concert or participation with them, or acting on their behalf, from further violations of the Lanham Act and California laws against unfair methods of competition, including but not limited to by acts of tortious interference with actual or prospective business contractual relations;

G. As to all claims, awarding Dominant pre-judgment and post-judgment interest on the amounts payable by Osram to the extent permitted by law;

H. As to all claims, awarding Dominant its attorneys fees and costs incurred in this action to the extent permitted by law; and

I. Awarding Dominant such other and further relief that the Court deems proper.

DATED: August 13, 2004

MORGENSTEIN & JUBELIRER LLP

By _____
Shawn D. Parrish
Attorneys for Plaintiff, DOMINANT SEMICONDUCTORS Sdn. Bhd.