Alan D. Smith
Charles H. Sanders
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804
Tel.: (617) 542-5070
Fax: (617) 542-8906

Evelyn G. Heilbrunn (#142331)
Ahmed J. Davis
Fish & Richardson P.C.
1425 K Street, N.W.
Washington, DC 20005
Tel.: (202) 783-5070
Fax: (202) 783-2331

Attorneys for Defendants
OSRAM GMBH, OSRAM OPTO
SEMICONDUCTORS GMBH, OSRAM OPTO
SEMICONDUCTORS, INC., and OSRAM
SYLVANIA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOMINANT SEMICONDUCTORS Sdn. Bhd., <br><br> Plaintiff, <br><br> v. <br><br> OSRAM GmbH, OSRAM OPTO SEMICONDUCTORS GmbH, OSRAM OPTO SEMICONDUCTORS, INC. and OSRAM SYLVANIA, INC., <br><br> Defendants. | Case No.: C 04 3319 JF <br><br> **DEFENDANTS OSRAM GmbH, OSRAM OPTO SEMICONDUCTORS GmbH, OSRAM OPTO SEMICONDUCTORS, INC., AND OSRAM SYLVANIA, INC.'s ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF DOMINANT SEMICONDUCTORS Sdn. Bhd.'S COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Defendants OSRAM GmbH, OSRAM Opto Semiconductors GmbH, OSRAM Semiconductors, Inc., and OSRAM Sylvania, Inc. (collectively, "OSRAM") answer the Complaint of Plaintiff Dominant Semiconductors Sdn. Bhd. ("Dominant") for Lanham Act Violations, Trade Libel, Interference with Contractual Relations, and Unfair Competition as follows:

## SUMMARY OF THE CLAIMS

1. OSRAM denies the allegations contained in paragraph 1.

2. OSRAM admits the allegations contained in paragraph 2.

3. OSRAM denies the allegations contained in paragraph 3.

4. OSRAM admits only that, in the Complaint, Dominant states that it seeks damages and equitable relief. OSRAM specifically denies that it has engaged in improper conduct, and denies the remainder of the allegations contained in paragraph 4.

## JURISDICTION

5. OSRAM admits the allegations contained in paragraph 5.

6. OSRAM admits the allegations contained in paragraph 6.

7. OSRAM denies the allegations contained in paragraph 7.

## VENUE

8. OSRAM admits that venue is proper in this district under 28 U.S.C. § 1391(b) and (c). OSRAM denies the remainder of the allegations contained in paragraph 8.

9. OSRAM is without knowledge or information sufficient to respond to the allegations contained in paragraph 9, and on that basis denies said allegations.

10. OSRAM GmbH admits that it is a company organized under the laws of Germany, with its principal place of business located at Hellabrunner Strasse 1, 81543 Munich, Germany. OSRAM GmbH admits that it is the owner of United States Patent Nos. 6,066,861; 6,245,259; 6,277,301; 6,376,902; 6,469,321; 6,573,580; 6,576,930; 5,592,780; 6,613,247; and 6,716,673. OSRAM admits the remaining allegations contained in paragraph 10.

11. OSRAM Opto Semiconductors GmbH admits that it is a corporation organized under the laws of Germany, with its principal place of business located at Wernerwerkstrasse 2, 93049 Regensburg, Germany, and is a wholly-owned subsidiary of OSRAM GmbH. OSRAM Opto Semiconductors GmbH admits that it is the exclusive licensee of the OSRAM Patents.

12. OSRAM admits the allegations contained in paragraph 12.

13. OSRAM Opto Semiconductors, Inc. admits that it is a Delaware corporation with its principal place of business at 3870 North First Street, San Jose, California 95134. OSRAM Opto

1  Semiconductors, Inc. denies that it is a wholly-owned subsidiary of OSRAM GmbH.  OSRAM
2  Opto Semiconductors, Inc. admits that it exploits the technology of the OSRAM patents.  OSRAM
3  Opto Semiconductors, Inc. denies that the only method by which it exploits the technology of the
4  OSRAM patents is through sales of LED products

5        14.     OSRAM Sylvania, Inc. admits that it is a Delaware corporation with its principal
6  place of business at 100 Endicott Street, Danvers Massachusetts 01923.  OSRAM Sylvania, Inc.
7  denies that it is a wholly-owned subsidiary of OSRAM GmbH.  OSRAM Sylvania, Inc. admits that
8  it exploits the technology of the OSRAM patents.  OSRAM Sylvania, Inc. denies that the only
9  method by which it exploits the technology of the OSRAM patents is through sales of LED
10 products.

11       15.     OSRAM admits that, in the Complaint, the Defendants are referred to collectively as
12 "OSRAM."

13       16.     OSRAM denies the allegations contained in paragraph 16.
14       17.     OSRAM denies the allegations contained in paragraph 17.
15       18.     OSRAM denies the allegations contained in paragraph 18.
16       19.     OSRAM denies the allegations contained in paragraph 19.
17       20.     OSRAM denies the allegations contained in paragraph 20.
18       21.     OSRAM denies the allegations contained in paragraph 21.
19       22.     OSRAM denies the allegations contained in paragraph 22.
20       23.     OSRAM denies the allegations contained in paragraph 23.
21       24.     OSRAM denies the allegations contained in paragraph 24.
22       25.     OSRAM denies the allegations contained in paragraph 25.
23       26.     OSRAM denies the allegations contained in paragraph 26.
24       27.     OSRAM admits that it issued a press release on June 8, 2004.  OSRAM denies the
25 remaining allegations contained in paragraph 27.
26       28.     OSRAM admits that it issued a press release on July 19, 2004.  OSRAM denies the
27 remaining allegations contained in paragraph 28.
28 ///

29. OSRAM is without knowledge or information sufficient to respond to the allegations contained in paragraph 29, and on that basis denies said allegations.

30. OSRAM is without knowledge or information sufficient to respond to the allegations contained in paragraph 30, and on that basis denies said allegations.

31. OSRAM is without knowledge or information sufficient to respond to the allegations contained in paragraph 31, and on that basis denies said allegations.

32. OSRAM denies the allegations contained in paragraph 32.

33. OSRAM denies the allegations contained in paragraph 33.

## FIRST CAUSE OF ACTION

### Lanham Act Violations

### 15 U.S.C. § 1125(a)

34. OSRAM incorporates paragraphs 1-33 above as if fully set forth herein.

35. OSRAM denies the allegations contained in paragraph 35.

36. OSRAM denies the allegations contained in paragraph 36.

37. OSRAM admits the allegations contained in paragraph 37.

38. OSRAM denies the allegations contained in paragraph 38.

39. OSRAM denies the allegations contained in paragraph 39.

## SECOND CAUSE OF ACTION

### Intentional Interference With Contractual Relations

40. OSRAM incorporates paragraphs 1-39 above as if fully set forth herein.

41. OSRAM is without knowledge or information sufficient to respond to the allegations contained in paragraph 41, and on that basis denies said allegations.

42. OSRAM denies the allegations contained in paragraph 42.

43. OSRAM denies the allegations contained in paragraph 43.

44. OSRAM denies the allegations contained in paragraph 44.

## THIRD CAUSE OF ACTION

### Interference With Prospective Economic Advantage

45. OSRAM incorporates paragraphs 1-44 above as if fully set forth herein.

46. OSRAM is without knowledge or information sufficient to respond to the allegations contained in paragraph 46, and on that basis denies said allegations.

47. OSRAM denies the allegations contained in paragraph 47.

48. OSRAM denies the allegations contained in paragraph 48.

49. OSRAM denies the allegations contained in paragraph 49.

## FOURTH CAUSE OF ACTION

### Trade Libel

50. OSRAM incorporates paragraphs 1-49 above as if fully set forth herein.

51. OSRAM denies the allegations contained in paragraph 51.

52. OSRAM denies the allegations contained in paragraph 52.

53. OSRAM denies the allegations contained in paragraph 53.

## FIFTH CAUSE OF ACTION

### Unfair Competition
### Violation of California's Unfair Competition Act

54. OSRAM incorporates paragraphs 1-53 above as if fully set forth herein.

55. OSRAM denies the allegations contained in paragraph 55.

56. OSRAM denies the allegations contained in paragraph 56.

## SIXTH CAUSE OF ACTION

### Unfair Competition Under California Common Law

57. OSRAM incorporates paragraphs 1-56 above as if fully set forth herein.

58. OSRAM denies the allegations contained in paragraph 58.

59. OSRAM denies the allegations contained in paragraph 59.

60. OSRAM denies the allegations contained in paragraph 60.

OSRAM denies that Dominant is entitled to any of the relief requested in the Prayer.

///

///

///

///

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE:

### Failure To State A Claim Upon Which Relief Can Be Granted

61. Each and every claim in the Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE:

### Laches

62. Each and every claim in the Complaint is barred by the doctrine of Laches.

### THIRD AFFIRMATIVE DEFENSE:

### Estoppel

63. Each and every claim in the Complaint is barred by the doctrine of Estoppel.

### FOURTH AFFIRMATIVE DEFENSE:

### Unclean Hands

64. Each and every claim in the Complaint is barred by the doctrine of Unclean Hands.

### FIFTH AFFIRMATIVE DEFENSE:

### Justification

65. Defendants were justified in doing any and/or all of the acts alleged in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE:

### Failure to Mitigate

66. Plaintiff has failed, and continues to fail, to act reasonably to mitigate the damages alleged in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE:

### Punitive Damages

67. Plaintiff fails to state facts sufficient to form a basis for obtaining punitive damages.

///

///

### EIGHTH AFFIRMATIVE DEFENSE:

### Due Process

68. Plaintiff's demand for punitive damages violates OSRAM's right to substantive procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution and under the California Constitution.

### NINTH AFFIRMATIVE DEFENSE:

### Bad Faith

69. Each and every claim in the Complaint is made in bad faith, entitling OSRAM to its reasonable attorneys' fees.

### TENTH AFFIRMATIVE DEFENSE

70. Plaintiff's state law claims are preempted by federal law.

### ELEVENTH AFFIRMATIVE DEFENSE:

### Reservation of Rights

71. OSRAM specifically reserves the right to allege additional affirmative defenses as they become known through the course of discovery.

WHEREFORE, OSRAM prays:

1. That Plaintiff take nothing by way of the Complaint;
2. That Plaintiff's Complaint be dismissed with prejudice;
3. That OSRAM be awarded reasonable attorneys' fees and costs of suit;
4. That the Court award such other and further relief as may be appropriate.

///
///
///
///
///
///
///
///

| | |
|---|---|
| 1  Dated: October 12, 2004 | FISH & RICHARDSON P.C. |
| 2 | |
| 3 | By: _____ |
| 4 | Evelyn G. Heilbrunn (#142331) |
| | Ahmed J. Davis |

Dated: October 12, 2004          FISH & RICHARDSON P.C.

By: _____
   Evelyn G. Heilbrunn (#142331)
   Ahmed J. Davis
   Fish & Richardson P.C.
   1425 K Street, N.W.
   Washington, DC 20005
   Tel.: (202) 783-5070
   Fax: (202) 783-2331

   Alan D. Smith
   Charles H. Sanders
   Fish & Richardson P.C.
   225 Franklin Street
   Boston, MA 02110-2804
   Tel.: (617) 542-5070
   Fax: (617) 542-8906

Attorneys for Respondents
OSRAM GMBH, OSRAM OPTO
SEMICONDUCTORS GMBH, OSRAM OPTO
SEMICONDUCTORS, INC., and OSRAM
SYLVANIA, INC.

DEFENDANTS' ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL **Case No.: C 04 3319 JF**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28