Robert L. Wright (Admitted Pro Hac Vice)
Wright, Berry & Odom LLP
612 Eighth Avenue
Fort Worth, TX 76104-0220
817-850-0082
Fax: 817-870-9101

Rocky N. Unruh (#84049)
Shawn D. Parrish (#155697)
Joanna Stromberg (#222195)
Morgenstein & Jubelirer
One Market, Spear Street Tower, Thirty-Second Floor
San Francisco, CA 94105
415-901-8700
Fax: 415-901-8701

Teresa M. Summers (Admitted Pro Hac Vice)
Hogan & Hartson L.L.P.
555 13th St., N.W.
Washington, D.C. 20004
202-637-5600
Fax: 202-637-5910

Attorneys for Plaintiff
DOMINANT SEMICONDUCTORS, SDN. BHD.

Alan D. Smith
smith@fr.com
Charles H. Sanders
sanders@fr.com
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804
Tel.: (617) 542-5070
Fax: (617) 542-8906

David J. Miclean (#115098)
miclean@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Defendants
OSRAM GmbH, OSRAM OPTO
SEMICONDUCTORS GmbH, OSRAM
OPTO SEMICONDUCTORS, INC. and
OSRAM SYLVANIA, INC.

*E-Filed 4/25/05*

|    |                                       |                                                                |
|----|---------------------------------------|----------------------------------------------------------------|
| 1  |                                       | UNITED STATES DISTRICT COURT                                   |
| 2  |                                       | NORTHERN DISTRICT OF CALIFORNIA                                |
| 3  |                                       | SAN JOSE DIVISION                                              |

| | |
|---|---|
| DOMINANT SEMICONDUCTORS Sdn. Bhd., <br><br>Plaintiff, <br><br>v. <br><br>OSRAM GmbH, OSRAM OPTO SEMICONDUCTORS GmbH, OSRAM OPTO SEMICONDUCTORS, INC. and OSRAM SYLVANIA, INC., <br><br>Defendants. | Case No. CV 04 3319-JF <br><br>**STIPULATED PROTECTIVE ORDER** <br>AND ADDENDUM TO PROTECTIVE ORDER |

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

   2.1   <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4 <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means. All documents and things, transcripts, expert reports, briefs, declarations, or other papers or information filed or exchanged in *In the Matter of Certain Light-Emitting Diodes and Products Containing Same*, Inv. No. 337-TA-512, that were designated "Confidential Business Information" shall be treated for purposes of this Order as if designated "Highly Confidential – Attorneys' Eyes Only" to the extent such documents and things, transcripts, expert reports, briefs, declarations, or other papers or information were not disclosed on the public record during trial in that investigation.

2.5 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7. <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9. <u>Outside Counsel</u>: U.S. attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

    2.10    <u>In-House Counsel</u>: attorneys who are employees of a Party.

    2.11    <u>Counsel</u> (without qualifier): Attorneys that represent or advise Parties in this action, including Outside Counsel and In-House Counsel (as well as their support staffs).

    2.12    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who is intended to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

    2.13    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

## 4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 5. DESIGNATING PROTECTED MATERIAL

    5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. *See Desig. of Docs in Add. to P.O.* A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so

that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2  **Manner and Timing of Designations.** Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the

1 Producing Party must determine which documents, or portions thereof, qualify for protection under
2 this Order, then, before producing the specified documents, the Producing Party must affix the
3 appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
4 ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the
5 material on a page qualifies for protection, the Producing Party also must clearly identify the protected
6 portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the
7 level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
8 ATTORNEYS' EYES ONLY").

9 (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, the
10 Party or non-party that sponsors, offers, or gives the testimony shall identify on the record, before the
11 close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any
12 portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
13 ONLY." When it is impractical to identify separately each portion of testimony that is entitled to
14 protection, and when it appears that substantial portions of the testimony may qualify for protection,
15 the Party or non-party that sponsors, offers or gives the testimony may invoke on the record (before the
16 deposition or proceeding is concluded) a right to have up to 20 days after receiving the final transcript
17 to identify the specific portions of the testimony as to which protection is sought and to specify the level
18 of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
19 EYES ONLY"). After the 20-day period expires, only those portions of the testimony that have been
20 appropriately designated for protection shall be covered by the provisions of this Stipulated Protective
21 Order.

22 Transcript pages containing Protected Material must be separately bound by the
23 court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or
24 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-
25 party offering or sponsoring the witness or presenting the testimony.

26 (c) <u>for information produced in some form other than documentary, and for any
27 other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container
28

or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

   5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

   6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

   6.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

   6.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a

motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party under conditions to reasonably ensure that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author of the document or the original source of the information.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order"

(Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

    (c) the Court and its personnel;

    (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A; and

    (e) the author of the document or the original source of the information.

  7.4 <u>Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "Experts"</u>

    (a) Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies the specific HIGHTLY CONFIDENTIAL information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s); (5) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.

    (b) A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within ten court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

    (c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. FILING PROTECTED MATERIAL. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. See App. to File Docs Under Seal in Add. to P.O.

11. FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that affirms that all the Protected Material was returned or destroyed and that the Receiving

1  Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing
2  or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to
3  retain an archival copy of all pleadings, motion papers, transcripts, exhibits, legal memoranda,
4  correspondence or attorney work product, even if such materials contain Protected Material. Any such
5  archival copies that contain or constitute Protected Material remain subject to this Protective Order as
6  set forth in Section 4 (DURATION), above.

7  12. MISCELLANEOUS

8      12.1  Right to Further Relief. Nothing in this Order abridges the right of any person to
9  seek its modification by the Court in the future.

10      12.2  Right to Assert Other Objections. By stipulating to the entry of this Protective
11  Order no Party waives any right it otherwise would have to object to disclosing or producing any
12  information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no
13  Party waives any right to object on any ground to use in evidence of any of the material covered by
14  this Protective Order.

15      ~~12.3  Inadvertent or Unintentional Disclosure of Materials or Information Privileged~~
16  ~~or Immune from Discovery. The inadvertent or unintentional disclosure of materials or information~~
17  ~~that is subject to a claim of privilege or immunity, including attorney-client privilege and work product~~
18  ~~immunity, shall not be deemed a waiver of the Party's right to assert a claim of privilege or immunity.~~
19  ~~Upon discovery of an inadvertent or unintentional disclosure, the Producing Party must promptly~~
20  ~~notify the Receiving Party in writing. The Receiving Party must return the materials or information~~
21  ~~that was inadvertently or unintentionally produced within seven (7) calendar days. This return of the~~
22  ~~materials claimed to have been inadvertently or unintentionally produced shall not in any way~~
23  ~~prejudice the right of the Receiving Party to challenge the Producing Party's assertion of a claim of~~
24  ~~privilege or immunity, with the exception that the Receiving Party may not challenge the claim of~~
25  ~~privilege or immunity on the grounds that the disclosure constituted a waiver.~~

26      12.4  Inadmissibility of Designation Status. The fact that materials or information
27  have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
28

1  EYES ONLY" at any time in this litigation shall not constitute an admission or acknowledgement that
2  such material is a trade secret or other confidential research, development, or commercial information.
3  The designation of materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
4  ATTORNEYS' EYES ONLY" or the failure to designate materials as "CONFIDENTIAL" or
5  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may not be used for any evidentiary
6  purpose whatsoever.

   12.5  <u>Designation of Previously Produced Documents</u>.  Parties may designate by Bates ranges any previously produced documents that are responsive to requests for production in this action rather than produce such responsive documents again in this action.  In designating responsive documents by Bates ranges, a party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" the whole or any part of any Bates ranges in accordance with the terms of this Protective Order.

   12.6  <u>Use of Confidential Business Information from in this Action</u>.  Subject to the provisions of this Order, Outside Counsel shall be authorized to designate, rely on, and otherwise use "Confidential Business Information" from *In the Matter of Certain Light-Emitting Diodes and Products Containing Same*, Inv. No. 337-TA-512, for purposes of this action.  Such designation, reliance, or other use of "Confidential Business Information" from *In the Matter of Certain Light-Emitting Diodes and Products Containing Same*, Inv. No. 337-TA-512, for purposes of this action shall be in compliance with this Protective Order.

///
///
///
///
///
///
///
///

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: April 20, 2005          WRIGHT, BERRY & ODOM LLP


By: /s/ Robert L. Wright
    Robert L. Wright

Attorneys for Plaintiff
DOMINANT SEMICONDUCTORS, SDN. BHD.


Dated: April 20, 2005          FISH & RICHARDSON P.C.


By: /s/ Charles H. Sanders
    Charles H. Sanders

Attorneys for Defendants
OSRAM GmbH, OSRAM OPTO SEMICONDUCTORS GmbH, OSRAM OPTO SEMICONDUCTORS, INC. and OSRAM SYLVANIA, INC.


## DECLARATION OF CONSENT

Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from Robert L. Wright.

Dated: April 20, 2005          FISH & RICHARDSON P.C.


By: /s/ Charles H. Sanders
    Charles H. Sanders
Attorneys for Defendants
OSRAM GmbH, OSRAM OPTO SEMICONDUCTORS GmbH, OSRAM OPTO SEMICONDUCTORS, INC. and OSRAM SYLVANIA, INC.

1   PURSUANT TO STIPULATION, IT IS SO ORDERED.

3   Dated: 4/25/05                    /s/ Howard R. Lloyd
                                      Honorable ~~Jeremy Fogel~~ Howard R. Lloyd
4                                     United States ~~District~~ Judge
                                              Magistrate

16

STIPULATED PROTECTIVE ORDER
Case No. CV 04 3319-JF

1
2

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California in the case of *Dominant Semiconductors Bd. Sdn. v. OSRAM GmbH et al.*, Case No. CV 04 3319-JF. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____

_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

# ADDENDUM TO PROTECTIVE ORDER
Dominant Semiconductors v. OSRAM GmbH et al.,
Case No. C04-03319 JF (HRL)

IT IS HEREBY ORDERED as follows:

DESIGNATION OF DOCUMENTS

Before designating any specific information "Confidential" or "Highly Confidential - Attorneys' Eyes Only" the designating party's counsel shall make a good faith determination that the information warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure.

Counsel are cautioned the over-designation of documents may result in sanctions. The filing of documents designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" puts an additional burden on the Court. Often the party filing the document is not the designating party. In that situation, the party does not have the option to unilaterally de-designate the documents before submitting them to the Court, and has no choice but to request they be filed under seal. Over-designating documents can thus result in unnecessary work for the Court in sorting the documents that deserve sealing from those that do not, as well as additional work for the parties who must then re-file public versions of the non-confidential documents. The best way to avoid this result is for counsel to use best efforts to make appropriate designations at the outset, and to promptly de-designate a document when it comes to counsel's attention that the document is over-designated.

APPLICATION TO FILE DOCUMENTS UNDER SEAL

Any party wishing to file under seal any document(s) designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" shall submit the document(s) along with an Application for Sealing pursuant to Civil Local Rule 79-5. The document(s) shall be submitted in an appropriate envelope conforming to the requirements of Civil Local Rule 79-5(b) or (c), labeled in accordance with Civ. L. R. 3-4(a), and prominently displaying the notation "DOCUMENT SUBMITTED UNDER SEAL."
NO LATER THAN FIVE (5) COURT DAYS AFTER ANY APPLICATION FOR SEALING IS FILED, the party that has designated or claims as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" the information for which sealing is requested shall serve and file declaration(s) from competent witnesses setting forth specific facts demonstrating that sealing is warranted under Fed. R. Civ. P. Rule

1 | 26(c). The parties are cautioned that "Broad allegations of harm, unsubstantiated by specific examples or
2 | articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. International Ins. Co.*,
3 | 966 F.2d 470, 476 (9th Cir. 1992) (*quoting Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121
4 | (3rd Cir.1986)). Further, the factual showing must address separately each portion of the materials that the
5 | party contends warrants protection. *See* Civil Local Rule 79-5 and commentary thereto.